■ August W. Kimball et al., Respondents, v Fort Ticonderoga Association, Inc., Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Viscardi, J.), entered November 8, 1989 in Essex County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability on the second cause of action of the complaint.

Plaintiff August W. Kimball (hereinafter plaintiff) sustained serious personal injuries while working as an employee of a contractor who was engaged to perform certain work to preserve the bastion walls of Fort Ticonderoga, a historical site in Essex County situated on premises owned by defendant. Specifically, plaintiff was pushing boards down an excavation approximately 15 to 18 feet deep, 17 feet wide, 40 feet long and adjacent to the bastion wall. These boards were to be used as braces for forms to be constructed in the excavation parallel to the walls and into which concrete was to be poured. Actually, the boards were two 2-by-6-inch planks 18 feet long and nailed together, side by side, with nail heads protruding approximately five eighths of an inch. In the course of pushing one of these boards down the excavation, a nail head caught the bottom of plaintiff's pants and pulled him into the excavation, resulting in a fall of 15 to 18 feet and the injuries for which he now seeks damages. There were no safety devices erected or furnished at the site other than a ladder leading down into the excavation and the "hard" hat which plaintiff was wearing. After commencing this action, plaintiff moved

for partial summary judgment on the issue of liability on the second cause of action in his complaint alleging a violation of Labor Law § 240 (1) and defendant cross-moved to dismiss the second cause of action. Supreme Court granted plaintiff's motion and denied defendant's cross motion. This appeal ensued.

We are again called upon to determine the extent to which Labor Law § 240 (1), the "scaffolding act", imposes liability upon an owner who has failed to provide safety devices at a worksite, the absence of which is the proximate cause of injury to a worker *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 518). This troublesome issue has created conflicting decisions among the respective Appellate Divisions, a conflict which to this date remains unresolved *(see, e.g., Allen v City of Buffalo Pub. Works Dept.,* 161 AD2d 1134 [4th Dept]; *Yaeger v New York Tel. Co.,* 148 AD2d 308 [1st Dept]). While this court has been liberal in its interpretation of the statute in question *(see, Brogan v International Business Machs. Corp.,* 157 AD2d 76; *Gregory v General Elec. Co.,* 131 AD2d 967; *Smith v Jesus People,* 113 AD2d 980), we are not persuaded that the facts presented herein trigger the provisions of the statute and impose absolute liability. Here, the worksite in question was *on the ground,* adjacent to an excavation into which plaintiff was caused to fall under circumstances which in our view are not within the contemplation of Labor Law § 240 (1) *(see, Shaheen v International Business Machs. Corp.,* 157 AD2d 429; *Marcellino v Nigro,* 149 AD2d 775). Accordingly, plaintiff's motion should have been denied and defendant's cross motion granted.

Order reversed, on the law, without costs, motion denied, cross motion granted and the second cause of action in the complaint is dismissed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.