■ JOEL E. NICHOLS et al., Respondents, v DEER RUN INVESTORS, L.P., et al., Defendants and Third-Party Plaintiffs-Appellants. MCK BUILDING ASSOCIATES, INC., Third-Party Defendant-Respondent-Appellant. [612 NYS2d 691] —Weiss, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 27, 1993 in Cortland County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment.

While framing a wall on the ground floor level of a townhouse under construction, plaintiff Joel E. Nichols (hereinafter plaintiff), a carpenter employed by third-party defendant, MCK Building Associates, Inc. (hereinafter MCK), in a development owned by defendant Deer Run Investors, L.P. (hereinafter DRI), fell from a wooden plank placed across a ditch excavated around three sides of the structure and sustained injuries. He commenced this lawsuit against DRI and four of its partners as owners alleging negligence and violations of

Labor Law § 240 (1), § 241-a and § 241 (6). Defendants in turn commenced a third-party action against MCK for common-law indemnification. Following discovery, Supreme Court granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action, denied defendants' cross motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action and also denied defendants' cross motion for summary judgment against MCK for indemnification, holding that triable issues of fact existed which precluded granting the motion.* Defendants have appealed from so much of the order as granted plaintiffs' motion and denied their cross motion to dismiss the Labor Law § 240 (1), § 241 (6) and common-law negligence causes of action, and from so much thereof as denied their cross motion against MCK seeking common-law indemnification. MCK has appealed from only that part of said order which granted plaintiffs' motion.

Labor Law § 240 (1) provides, in pertinent part, that "[a]ll contractors and owners * * * who contract for * * * the erection * * * of a building or structure shall furnish or erect * * * for the performance of such labor, scaffolding, hoists, stays, ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed". The purpose of the law is to protect workers and place ultimate responsibility for worksite safety on the owner and general contractor instead of the worker *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513), and it imposes absolute liability for any breach of the statutory duty which has proximately caused an injury *(Rocovich v Consolidated Edison Co., supra,* at 513).

Both defendants and MCK focus their argument on the premise that Labor Law § 240 (1) is limited to accidents which result from *gravity-related* risks arising from relative differences in elevation, relying on *Rocovich v Consolidated Edison Co. (supra)* and *Ross v Curtis-Palmer Hydro-Elec. Co. (supra),* and urge that neither of those elements are present in this case. It is conceded that plaintiff had one foot on the plank, which we find served as a substitute for a scaffold, and the

---

* Supreme Court granted that part of defendants' motion seeking dismissal of the second cause of action under Labor Law § 241-a on the ground that "it is inapplicable to the facts herein". Because plaintiff did not fall into an elevator shaftway, hatchway or stairwell, we agree. Moreover, plaintiffs make no reference to Labor Law § 241-a in their brief and have thereby abandoned that cause of action *(First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

other in the doorway of the building, and that he slipped on ice on the plank causing him to fall into the excavated ditch. It is undisputed that no safety devices were provided to prevent the fall and that the injury to his back was proximately caused by the fall.

We believe, as the Court of Appeals has held, that Labor Law § 240 (1) " ' "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" ' " (*Rocovich v Consolidated Edison Co., supra,* at 513, quoting *Koenig v Patrick Constr. Corp.,* 298 NY 313, 319, quoting *Quigley v Thatcher,* 207 NY 66, 68; *accord, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 559). While Labor Law § 240 (1) does not purport to specify the hazards to be avoided, it does specify the protective means, i.e., scaffolding and ladders, by which to avoid the hazards. "Some of the enumerated devices (e.g., 'scaffolding' and 'ladders'), it is evident, are for the use or protection of persons *gaining access to* or working at sites where elevation poses a risk" (*Rocovich v Consolidated Edison Co., supra,* at 513-514 [emphasis supplied]).

It can hardly be gainsaid that the five to eight feet deep excavated ditch bridged by an icy plank, which *furnished both the access to and means to work upon* the building, constituted a difference in elevation and therefore a risk within the contemplation of the statute. Defendants' reliance on *Kimball v Fort Ticonderoga Assn.* (167 AD2d 581, *lv dismissed* 77 NY2d 989) is misplaced. In *Kimball,* this Court found that the plaintiff's worksite was on the ground adjacent to an excavation. Here, plaintiff was standing directly over a ditch while working. We find that plaintiff has made a prima facie showing that defendants failed to provide a safety device for elevation-related work, which failure was the proximate cause of his injury, and that defendants have failed to overcome this demonstration to the end that summary judgment was properly granted as a matter of law.

We turn next to defendants' argument that the Labor Law § 241 (6) cause of action should have been dismissed for failure to demonstrate by factual evidence the violation of any explicit rule or regulation which would give rise to a nondelegable duty. Labor Law § 241 (6), which imposes a nondelegable duty on owners and contractors to provide reasonable and adequate protection to workers employed in construction, excavation or demolition (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501), is not self-executing and requires a showing that one or more regulations (*see,* 12 NYCRR part 23)

have been violated *(see, Simon v Schenectady N. Cong. of Jehovah's Witnesses,* 132 AD2d 313, 317; *cf., Leon v Peppe Realty Corp.,* 190 AD2d 400; *Nagel v Metzger,* 103 AD2d 1). Both the affirmation of plaintiffs' attorney and plaintiff's own affidavit in opposition to the motion set forth several specific regulations alleged to have been violated by defendants which raise triable issues of fact sufficient to require the denial of their dismissal motion.

Finally, we agree with Supreme Court that MCK has come forward with proof sufficient to create a factual issue requiring resolution at trial as to the degree of control and supervision exercised by defendants at the construction site *(see, Dewitt v Pizzagalli Constr. Co.,* 183 AD2d 991; *Francavilla v Nagar Constr. Co.,* 151 AD2d 282). There is no written contract between MCK and DRI and it appears that the general partners in DRI, some of whom are also the principals in MCK, may have been involved in the day-to-day operations of the construction project, the circumstances of which may well defeat DRI's claim for indemnification.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.