■ George LaJeunesse et al., Respondents, v Elliot Feinman et al., Appellants, and Rick Hartshorn, Respondent. [630 NYS2d 409] —Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 6, 1994 in Schoharie County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff George LaJeunesse (hereinafter plaintiff) suffered the personal injuries forming the basis for this action in an

August 11, 1990 construction accident. At that time, plaintiff was walking up a crude plank ramp leading from ground level to the main floor of a building on the construction site when the ramp collapsed, causing plaintiff to fall approximately $9^1/2$ feet to the bottom of a trench or pit below. Defendants Elliot Feinman, Barry Feinman, Judd Feinman, Evan Feinman and Jeffrey Feinman (hereinafter collectively referred to as the Feinmans) are the owners of the property upon which the accident occurred. Defendant Rick Hartshorn constructed the failing ramp. The complaint asserts causes of action under Labor Law §§ 200, 240 and 241 (6) against the Feinmans and for common-law negligence against the Feinmans and Hartshorn. The Feinmans' answer asserts cross claims for common-law indemnity and contribution against Hartshorn. Following joinder of issue and discovery, plaintiffs moved for partial summary judgment on the issue of liability against the Feinmans under Labor Law § 240 (1). The Feinmans then cross-moved for summary judgment against Hartshorn on their claim for common-law indemnity. Supreme Court granted plaintiffs' motion and denied the Feinmans' cross motion. The Feinmans now appeal.

We affirm. Initially, we reject as meritless the contentions that Supreme Court improperly granted partial summary judgment in favor of plaintiffs because (1) plaintiff's accident was unwitnessed, (2) a portion of the vertical distance of plaintiff's fall was below ground level, and (3) plaintiff had an avowedly safer alternative means of gaining access to the main floor of the building. The uncontroverted evidence submitted on the motion, including the deposition testimony of plaintiff and a nearby construction worker, established that Hartshorn had nailed the elevated end of the ramp to the threshold of a doorway to the building and that, at a time when plaintiff had climbed to within two feet of the top of the ramp, it came unattached and collapsed into the pit below. In view of the basic failure of the device, no issue is raised by the absence of an eyewitness to the fall (*see, Davis v Pizzagalli Constr. Co.*, 186 AD2d 960; *Place v Grand Union Co.*, 184 AD2d 817). As for the fact that plaintiff's fall took him into a depression, we repeat our caution concerning the continued validity of our decision in *Kimball v Fort Ticonderoga Assn.* (167 AD2d 581, *lv dismissed* 77 NY2d 989) and other cases decided prior to the Court of Appeals' decisions in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494) and *Rocovich v Consolidated Edison Co.* (78 NY2d 509) (*see, Tooher v Willets Point Contr. Corp.*, 913 AD2d 856). Because plaintiff sustained a gravity-related injury where a protective device was called for because of the eleva-

tion differential between the work site and a lower level (see, *Ross v Curtis-Palmer Hydro-Elec. Co.*, supra, at 500-501; *Rocovich v Consolidated Edison Co.*, supra, at 514; *Tooher v Willets Point Contr. Corp.*, supra), his accident falls squarely within the intended scope of Labor Law § 240 (see, ibid.). In the absence of evidence that plaintiff refused to employ an available safety device, we are similarly unpersuaded by the argument concerning the existence of an alternative means of accessing the building (see, *Stolt v General Foods Corp.*, 81 NY2d 918).

As a final matter, in view of the contradictory evidence concerning Hartshorn's status as a general contractor within the purview of Labor Law § 240 (1) and Barry Feinman's exercise of control over the work site, Supreme Court properly denied the cross motion (cf., *Tambasco v Norton Co.*, 207 AD2d 618, *lv dismissed* 85 NY2d 857; *Brown v Sagamore Hotel*, 184 AD2d 47, 52; *Blaskovic v Penguin House Tenants Corp.*, 158 AD2d 434, 435).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.