■ FRANK DeMAYO et al., Respondents, v 1000 NORTHERN OF NEW YORK COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. DiFAZIO ELECTRIC, INC., Third-Party Defendant. [667 NYS2d 400] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs 1000 Northern of New York Company, Fred J. Carillo, and Miracle on Northern Blvd., Inc., appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated September 9, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion which was for summary judgment dismissing the cause of action asserted in the complaint under Labor Law § 240 (1) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The injured plaintiff, Frank DeMayo (hereinafter the plaintiff), was employed by DiFazio Electric, and was the foreman on a job at premises owned by the appellant 1000 Northern of New York Company (hereinafter Northern). There was a utility room or shanty on the job site, and from November

1990 until August 8, 1991, the plaintiff entered and exited the shanty over 300 times without incident. On August 8, 1991, in response to a call from a co-worker, the plaintiff exited the room, stepped down one step from the doorway to the sloped ground, pivoted on his right leg, and felt his knee pop. The distance from the doorway to the ground was about 13 inches.

The plaintiffs' claim that Northern is liable for the injury under Labor Law § 240 (1) is without merit. A 13-inch high step is not an elevation-related hazard contemplated by the statute (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). Therefore, the Supreme Court erred when it denied that branch of the appellants' motion which was for summary judgment insofar as it related to the Labor Law § 240 (1) cause of action asserted in the complaint.

The appellants' remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.