■ LEROY VESTAL et al., Appellants, v YONKERS CONTRACTING COMPANY, INC., Respondent. (And a Third-Party Action.) [684 NYS2d 319] —Peters, J. Appeal from an order of the Supreme

Court (Rumsey, J.), entered March 27, 1998 in Cortland County, which, *inter alia*, granted defendant's cross motion for partial summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action.

Plaintiff Leroy Vestal (hereinafter plaintiff), an employee of J & B Welding, Inc., a subcontractor for defendant, was performing construction services upon a bridge/construction platform elevated approximately 15 feet above the roadway below. The work site was separated from the vehicular traffic by a barrier or "jersey wall" near construction joints where plywood was placed. The plywood extended approximately 1 to 2 feet out from the bottom of the barrier and concrete extended up from the plywood to the bottom of the barrier approximately 1 to 2 feet, with extensions outward approximately 1 to 2 feet. From the extensions were two layers of $2\frac{1}{2}$ to 3-foot "mats" of individual metal reinforcement rods (hereinafter rebar) used to reinforce the concrete. Whereas the first layer rose approximately 1 to 2 inches above the plywood flooring, the second layer was approximately 4 to 6 inches above the first. Plaintiff, and others, were required to work on the 1 to $1\frac{1}{2}$-foot plywood platform extending beyond the rebar.

Plaintiff sought to lay out "grade angles" which were 10 feet long, shaped like the letter L, and weighed approximately 8 pounds each. They were delivered in bulk to the work site and placed on the upper platform of rebar. Held together by three metal bands, one in the middle and one at each end, workers were instructed to place 4 x 4 pieces of lumber perpendicular to the bundle of grade angles, approximately 18 inches from each end. They were instructed to first cut the middle band and then each end while standing off to the side. The lumber was used to not only level the rebar, which would be implicated by the weight of the grade angles once opened, but also to insure that if one slid off it landed on the 4 x 4s instead of the workers' feet.

On the day of the accident, plaintiff failed to place lumber under the grade angles before cutting the metal bands and further stood in front of the stack when he cut the middle section last. As he was placing the cutter behind the stack, one side of the bundle fell from the rebar, striking him in the lower leg and pinning him to the plywood floor. Testimony varied as to the 6 to 24-inch height from which they fell.

Plaintiff, and his wife derivatively, brought this action alleging, *inter alia*, violations of Labor Law §§ 200, 240 and 241. Plaintiffs thereafter moved for partial summary judgment on the issue of defendant's liability pursuant to Labor Law § 240

(1), prompting defendant's cross motion for dismissal. Supreme Court granted defendant's cross motion, finding Labor Law § 240 (1) inapplicable. Plaintiffs appeal.

Even noting the liberal interpretation which should be accorded to Labor Law § 240 (1) in light of its legislative purpose (*see, Melber v 6333 Main St.*, 91 NY2d 759, 762; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513), the elevated work site had no implication in the causation of this accident. While the grade angles fell onto plaintiff's foot from a level above plaintiff's position, such elevation differential did not create an "exceptionally dangerous condition[ ]" (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491)—the type of elevation-related injury for which Labor Law § 240 (1) was intended to provide a remedy (*see, Melo v Consolidated Edison Co.*, 92 NY2d 909; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841). As "plaintiff's injuries resulted from 'the type of "ordinary and usual" peril a worker is commonly exposed to at a construction site'" (*Sutfin v Ithaca Coll.*, 240 AD2d 989, 990, quoting *Misseritti v Mark IV Constr. Co., supra*, at 489), we decline to disturb the determination rendered.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.