■ LOUIS SIMON, Appellant, v CITY OF NEW YORK et al., Respondents. [696 NYS2d 193] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated August 13, 1997, which granted the defendants' motion for partial summary judgment dismissing the cause of action to recover damages under Labor Law § 240.

Ordered that the order is affirmed, with costs.

The plaintiff was employed in the construction of a tunnel and was injured when a railroad car, also called a "muck car", derailed inside the tunnel and partially crushed him against another muck car. The plaintiff asserted, *inter alia,* a cause of action to recover damages under Labor Law § 240 (1), based upon the fact that when the muck car derailed, it had a vertical fall of 5½ inches.

Labor Law § 240 (1) is applicable to "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501; *see also, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). It is well settled that "[a]n object falling from a minuscule height is not the type of elevation-related injury that this statute was intended to protect against" (*Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657, 658). Although the plaintiff al-

leges that the defendants failed to employ proper safety devices to prevent the muck car from derailing, the injury-producing incident is nevertheless outside the scope of Labor Law § 240 (1) (*see, Smith v New York State Elec. & Gas Corp.,* 82 NY2d 781). The plaintiff's injuries did not result from the type of elevation-related risk contemplated by the statute, and the Supreme Court properly dismissed the cause of action to recover damages under Labor Law § 240 (1) (*see, Melber v 6333 Main St.,* 91 NY2d 759; *Miseritti v Mark IV Constr. Co.,* 86 NY2d 487). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.