■ Chris S. Amo, Respondent, v Little Rapids Corporation et al., Appellants, et al., Defendant. (And Two Third-Party Actions.) [701 NYS2d 517] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Demarest, J.), entered November 24, 1998 in St. Lawrence County, upon a verdict rendered in favor of plaintiff, and (2) from a judgment of said court, entered January 7, 1999 in St. Lawrence County, which declared, *inter alia*, that defendant Laframboise Group, Ltd. is entitled to common-law indemnification from third-party defendant MRL Constructors of New York, Ltd.

While employed as a laborer for third-party defendant MRL Constructors of New York, Ltd. on a construction excavation project at a paper factory owned by defendant Little Rapids Corporation (hereinafter LRC), plaintiff was injured in a work-related accident. LRC had hired defendant Laframboise Group, Ltd. as a general contractor for the project, and Laframboise subcontracted a portion of the work to MRL. At the time of the accident, plaintiff—standing on top of a rock—was in the process of jackhammering the rock in order to remove it from an

excavation in a section of the paper factory basement floor. Plaintiff fell from the rock injuring his back, right knee and ankle. At both the pretrial stage and at trial, plaintiff and his co-workers offered materially differing accounts of how far defendant actually fell, i.e., how much of the rock on which plaintiff was standing was exposed. Plaintiff thereafter commenced this action against LRC asserting causes of action based upon common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6). LRC commenced third-party actions against Laframboise and MRL seeking, *inter alia*, contribution and indemnification. Later, plaintiff commenced a direct action against Laframboise, which was later consolidated with his action against LRC.

Following discovery, plaintiff moved for summary judgment on the issue of liability under Labor Law § 240 (1), and LRC and Laframboise cross-moved for summary judgment dismissing plaintiff's complaint as against them and moved against each other for indemnification. Supreme Court denied all of these motions, which defendants contend was erroneous.

Plaintiff proceeded to trial solely on the Labor Law § 240 (1) cause of action, having withdrawn all others. At the close of proof, upon plaintiff's motion Supreme Court directed a verdict in favor of plaintiff on the issue of liability under Labor Law § 240 (1). After a trial on damages, a judgment was entered November 24, 1998 upon the verdict in favor of plaintiff. The court also determined at trial that LRC was entitled to indemnification from Laframboise and MRL and, by judgment entered January 7, 1999, that Laframboise was also entitled to indemnification from MRL. LRC, Laframboise and MRL challenge these indemnification rulings.

As an initial matter, LRC, Laframboise and MRL contend that Supreme Court erred in failing to grant LRC's and Laframboise's motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action. They argue that the evidence submitted on their motions demonstrated, as a matter of law, that plaintiff's injury did not arise from an elevation-related risk. We disagree.

It is well established that the exceptional protections provided by Labor Law § 240 (1) are aimed only at elevation-related hazards, which include the significant risks inherent in a task which must be performed at a work site which is itself elevated (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-501; *see also, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-515). The special hazards of working at an

elevation differential are limited, for purposes of section 240 (1), to "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 501). The contemplated hazards are thus related to the effects of gravity where protective devices are called for because of the elevation differential between the required work and a lower level (*see*, *Rocovich v Consolidated Edison Co.*, *supra*, at 514). However, injuries which result from other, nonelevation-related types of hazards are not actionable under this statute which imposes a nondelegable duty and absolute liability on owners and contractors, even if the injuries were proximately caused by the absence of adequate safety devices (*see*, *Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 500; *see also*, *Misseritti v Mark IV Constr. Co.*, *supra*). Notably, it has been recognized that "the extent of the elevation differential may not necessarily determine the existence of an elevation-related risk" (*Rocovich v Consolidated Edison Co.*, *supra*, at 514).

The evidence submitted on the summary judgment motions—and at trial—demonstrated that the project in which plaintiff was engaged involved the excavation of a section of an existing six to eight-inch thick concrete floor in the basement of the paper factory building, and the removal of the hardpan (gravel, dirt and stone) directly beneath the removed concrete floor. The workers removed a section of the concrete floor that was approximately 20 feet by 20 feet and were in the process of digging the underlying hardpan down to a depth of 4 feet in order to make room for a new piece of equipment. According to plaintiff's examination before trial, they had dug down to 3½ to 4 feet in one corner of the excavated site and installed a sump pump; working their way out from that corner they encountered a large rock just below the surface of the hardpan being excavated. They cleared around the rock but determined that due to its size (6 to 8 feet around and 3½ feet high) they could not move it. Plaintiff then stood on top of the exposed rock and began using a jackhammer to break it into pieces. He claims that his foot slipped on the wet surface of the rock and that he fell onto a co-worker sitting on the excavated dirt surface which had been dug to a depth of approximately 3½ to 4 feet. It is undisputed that plaintiff was not provided with or using any safety device contemplated by Labor Law § 240 (1), although the parties submitted conflicting expert opinions as to the feasibility and advisability of using a safety device for this specific activity.

A review of the evidence and testimony presented to Supreme

Court in connection with the competing summary judgment motions reveals that plaintiff and several witnesses provided differing and often confusing and internally inconsistent accounts of the precise manner and extent of plaintiff's fall. There was testimony that plaintiff fell as much as 4 feet off the rock into the excavated area surrounding it, while other testimony suggested that he slid merely a matter of inches into another co-worker working at the hardpan level. The conflicting testimony failed to establish as a matter of law that protective devices were not called for because the rock on which plaintiff was working was not an elevated work site, or that plaintiff's injuries were not the result of the direct effects of gravity (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501, *supra*). Thus, viewing the evidence submitted on the summary judgment motions most favorably to plaintiff—the opponent of defendants' motions (*see, Weiss v Garfield*, 21 AD2d 156)— Supreme Court correctly denied LRC and Laframboise's motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action.

We agree, however, with LRC, Laframboise and MRL's contentions that Supreme Court erred in directing a verdict in favor of plaintiff at the close of proof on the issue of liability under Labor Law § 240 (1). The court explained that there was no testimony that plaintiff fell at ground level and that it was uncontroverted that, while standing on top of the rock jackhammering, plaintiff fell into an excavation which varied, according to the testimony, anywhere from 6 inches to 3½ feet. In our view, the conflicting trial testimony did not permit the conclusion, *as a matter of law*, that plaintiff's injuries arose from the type of elevation-related risk contemplated by this statute.

A directed verdict in favor of plaintiff was proper at the close of the proof only if—even viewing the evidence most favorably to the opponents of the motion (LRC, Laframboise and MRL), accepting all of their evidence as true and resolving all credibility issues and inferences in their favor—the jury could not find for these nonmoving parties by any rational process and plaintiff was entitled to judgment as a matter of law under Labor Law § 240 (1) (*see, CPLR 4401; see also, Quinn v Licausi*, 263 AD2d 830; *Severino v Schuyler Meadows Club*, 225 AD2d 954; *Matter of Soltys*, 199 AD2d 846, 847, *lv denied* 83 NY2d 754). As an initial matter, there is no question that plaintiff and his co-workers were engaged in the "alteration" of this building under section 240 (1) (*see, Joblon v Solow*, 91 NY2d 457, 465).

The determinative issue—which Supreme Court recognized to be a "close call"—was whether plaintiff fell from an elevated work site (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, *supra*). On this key issue, it was uncontroverted at trial that at the relevant time plaintiff and his co-workers were working in the excavated area—not on the existing, adjacent concrete floor—removing dirt, gravel and rocks, and that the surface of the excavated hardpan was not level or even, i.e., the workers had dug down to varying depths in different areas of the excavation. Further, none of the witnesses who observed the accident contradicted plaintiff's testimony that he fell from the top of the rock while jackhammering it, ultimately landing on the surrounding hardpan. Hence, the relevant ground level for purposes of Labor Law § 240 (1) was the excavated surface (not the surrounding concrete floor) and the work site was the top of the rock itself.

Where the witnesses' accounts materially conflicted at trial was in their estimation of the height of the top of the exposed rock on which plaintiff was standing and, thus, the extent of plaintiff's fall, that is, how high above the excavated surface the rock on which plaintiff was standing protruded. One co-worker testified that they had just begun the process of digging around the rock, the top of which extended only 6 to 8 inches above the excavated hardpan surface.[1] Plaintiff's supervisor, who did not observe this accident, testified that he examined the work area after the accident and that the excavated area sloped upward toward the location of the rock, which he estimated was exposed only approximately 3 to 8 inches. Plaintiff, in contrast, testified that the rock was excavated essentially on all three sides down to a depth of approximately 3½ feet, and a sloped trench was dug on the backside of the rock down 3½ feet; when he stood on top of the rock jackhammering his foot slipped, it became lodged between the rock and the hardpan trench, and he fell onto his co-worker sitting on the hardpan and then fell into the excavated surface.

Based upon the foregoing trial evidence viewed in the light most favorable to defendants, we conclude that Supreme Court erred in directing a verdict in favor of plaintiff on the issue of liability under Labor Law § 240 (1). Notably, there was a material factual dispute—critical to the application of section 240

1. Another co-worker testified that the excavated area in which he was working when plaintiff fell off the rock and into him was approximately 18 inches below the concrete but this witness was not asked to estimate how much of the rock on which plaintiff was standing was exposed above the excavated surface.

(1)—as to the height at which plaintiff was performing the work and the extent of his fall. Indeed, the range of testimony was that plaintiff fell off the rock anywhere from as little as 3 inches (plaintiff's supervisor) to as much as 3½ feet (plaintiff).[2]

While fully recognizing that the extent of the elevation differential may not, by itself, be determinative of the issue under Labor Law § 240 (1) of whether an elevation-related risk exists (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514, *supra*), we are also cognizant that not every fall from a height— however de minimis—is sufficient to constitute the type of elevation differential contemplated by section 240 (1) (*see, DeLong v State St. Assocs.*, 211 AD2d 891, 892-893). While all falls from work surfaces are necessarily affected by the forces of gravity on the worker, the work site itself must be sufficiently elevated so as present the "special hazards" inherent in performing a task at an elevation differential (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501, *supra*). Notably, the "special hazards" contemplated "do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (*id.*, at 501 [emphasis omitted]; *see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490, *supra*; *McGuire v Independent Cement Corp.*, 255 AD2d 646, 648-649; *Kelleher v Power Auth.*, 211 AD2d 918, 919).

In our view, while no bright-line test has emerged in this difficult area of the law, if it were determined by the fact finder that plaintiff slipped and fell only a matter of 3 inches or 8 inches off the rock, i.e., at or very near ground level, we would conclude as a matter of law that Labor Law § 240 (1) is inapplicable (*see, Rocovich v Consolidated Edison Co., supra*, at 514; *Heizman v Long Is. Light. Co.*, 251 AD2d 289, 291-292, *lv dismissed and denied* 92 NY2d 1012; *Francis v Aluminum Co.*, 240 AD2d 985; *Dorr v General Elec. Co.*, 235 AD2d 883; *McCague v Walsh Constr.*, 225 AD2d 530; *cf., Monroe v Bardin*, 249 AD2d 650; *Carpio v Tishman Constr. Corp.*, 240 AD2d 234; *LaJeunesse v Feinman*, 218 AD2d 827; *Nichols v Deer Run Investors*, 204 AD2d 929), as it is the "type of peril a construction worker usually encounters on the job site" (*Misseritti v Mark IV Constr. Co., supra*, at 491); however, a fall of 3½ feet would be covered (*see, Sousa v American Ref-Fuel Co.*, 258

---

**2.** While Supreme Court found that the testimony as to the height of the rock varied from between "six inches to three and a half feet", plaintiff's supervisor testified that only approximately 3 to 8 inches of the hardpan and soil had been removed around the rock.

AD2d 514; *Duffy v Bass & D'Allesandro*, 245 AD2d 333, 334).[3] Thus, the outstanding factual issue—the extent of the elevation differential between plaintiff's work site, i.e., the rock, and the excavated surface to which he fell—should have been submitted to the jury to enable the trial court to make the legal determination as to whether the work surface was sufficiently elevated so as to fit within the intended protective scope of section 240 (1).

We believe that this interpretation comports with the principle that the language of Labor Law § 240 (1) must not be strained so as to encompass what the Legislature never intended to include (*see, Allen v Hodorowski & DeSantis Bldg. Contrs.*, 220 AD2d 959, 960; *see also, Simon v City of New York*, 265 AD2d 318; *Vestal v Yonkers Contr. Co.*, 257 AD2d 946; *Nitz v Gusmer Corp.*, 245 AD2d 929). It is also consistent with the cases recognizing that where workers are injured by falling materials hoisted or secured at, near or slightly above the ground, section 240 (1) is not implicated (*see, Melo v Consolidated Edison Co.*, 92 NY2d 909; *Sutfin v Ithaca Coll.*, 240 AD2d 989; *Tambasco v Norton Co.*, 207 AD2d 618, *lv dismissed* 85 NY2d 857).

In view of our conclusion that Supreme Court erred in directing a verdict in favor of plaintiff and our remittal for a new trial, we find it unnecessary to address the parties' remaining contentions. However, inasmuch as we are remitting for a new trial, it is also necessary to reverse the judgment of Supreme Court entered January 7, 1999 declaring that Laframboise is entitled, on its cross claim against MRL, to common-law indemnification from MRL. That judgment was necessarily premised upon the erroneously directed verdict in plaintiff's favor and upon the trial testimony. Likewise, we note that Supreme Court's ruling at the close of plaintiff's proof granting LRC's motion for contractual indemnification from Laframboise and common-law indemnification from MRL—also based upon the trial testimony—is without effect in view of our reversal of the judgment entered November 24, 1998 upon a verdict in favor of plaintiff.

Finally, while Laframboise filed a notice of appeal from the order of Supreme Court entered June 5, 1998 denying its motion for renewal of its summary judgment motion to dismiss

---

**3.** In so ruling, we emphasize that the fact that plaintiff fell at a level below the concrete floor ground level is not determinative of the applicability of Labor Law § 240 (1), as the relevant ground level at which plaintiff was working was the everchanging and irregular surface of the excavation site (*see, Tooher v Willets Point Contr. Corp.*, 213 AD2d 856, 857).

plaintiff's Labor Law § 200 and common-law negligence causes of action, Laframboise failed to address these issues in its appellate brief and, accordingly, these issues are deemed abandoned (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1; *see also, Yerdon v Lyon*, 259 AD2d 864, 866, *lv denied* 94 NY2d 754).

Peters and Graffeo, JJ., concur.

Mercure, J. P. (dissenting). We respectfully dissent. According to plaintiff's version of the events giving rise to the action, while operating a jackhammer on top of a large rock, plaintiff "slipped, and [his] right toe became lodged between the rock and the trench around the backside of the hardpan". With his foot thus immobilized, plaintiff's body swung around toward the front of the rock and he fell back into the hole, striking the sloping side of the rock before being "caught" by a co-worker and thus prevented from coming in contact with the floor of the excavation. As acknowledged by the majority, the height differential between the top of the rock and the bottom of the excavation was, at most, 3½ feet. No less significant is the fact that plaintiff did not "fall from" this elevated worksite because his foot remained wedged at the top throughout. In our view, the evidence does not support a finding that plaintiff succumbed to any hazard that Labor Law § 240 (1) was designed to prevent (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501).

To the contrary, plaintiff "was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)" (*Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843; *see, Maggi v Innovax Methods Group Co.*, 250 AD2d 576, *lv denied* 92 NY2d 819 [worker slipped on sand and fell on a ramp on the roof of a building]; *Ozzimo v H.E.S., Inc.*, 249 AD2d 912 [worker fell into open five-foot trench]; *Bradshaw v National Structures*, 249 AD2d 921 [worker fell or slid into a drainage trench]; *Farmer v City of Niagara Falls*, 249 AD2d 922 [worker lost his balance attempting to climb over an interior wall on the second-floor deck of a building under construction, causing him to fall three or four feet]; *Duke v Eastman Kodak Co.*, 248 AD2d 990 [worker stepped into uncovered opening of access hole to underground tank]; *DeMayo v 1000 N. of N. Y. Co.*, 246 AD2d 506 [worker injured his knee stepping from doorway to sloped ground 13 inches below]).

In sum, it is our view that in these circumstances, involving the irregular surface of an excavation site, there is no factual issue for a jury and the Labor Law § 240 (1) cause of action

should have been dismissed as a matter of law (see, *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515; *Ozzimo v H.E.S., Inc., supra*, at 914). We would accordingly reverse the judgments in favor of plaintiff and third-party plaintiff and dismiss the complaint and third-party complaint.

Carpinello, J., concurs. Ordered that the judgments are reversed, on the law, with costs to abide the event, and matter remitted to the Supreme Court for a new trial.