■ WILLIAM GOTTSTINE et al., Respondents, v DUNLOP TIRE CORPORATION, Appellant. [709 NYS2d 259] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiffs' motion for partial summary judgment on li-

ability on the Labor Law § 240 (1) claim but properly denied that part of defendant's cross motion seeking summary judgment dismissing that claim. William Gottstine (plaintiff) was injured at a worksite owned by defendant. While constructing a foundation for the installation of a tire press, he was required to walk over a rebar mat approximately 18 inches above the bottom of a pit two feet deep, 14 feet wide and 16 feet long. There was a second level of rebar mat four inches above the bottom of the pit. The mats were constructed in a "checkerboard" design covering the pit. Plaintiff was required to carry heavy metal leveling plates to the location where they would be installed. While carrying a plate, his foot slipped and his leg went through a 12 inch by 12 inch opening in the mats. The plate struck plaintiff's knee, causing injury.

The hazards contemplated by Labor Law § 240 (1) are those where safety devices are required because of a difference in elevation levels (*see, Melber v 6333 Main St.*, 91 NY2d 759, 762; *Lajeunesse v Feinman*, 218 AD2d 827, 828-829; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500). A worker who falls into a trench from the side is not covered by Labor Law § 240 (1) because such an injury results from the usual and ordinary dangers of a construction site (*see, e.g., Bradshaw v National Structures*, 249 AD2d 921; *Williams v White Haven Mem. Park*, 227 AD2d 923; *see also, Mazzu v Benderson Dev. Co.*, 224 AD2d 1009). Here, however, plaintiff was forced to walk on a mat suspended over the opening, and thus the mat is an elevated worksite within the meaning of Labor Law § 240 (1) (*see, Nichols v Deer Run Investors*, 204 AD2d 929, 931).

Plaintiffs submitted the deposition testimony of defendant's supervisor that planking could have been used on the area leading to the opening. There was deposition testimony that planking could have prevented plaintiff's fall, and planking constitutes a safety device under Labor Law § 240 (1) (*see, Colern v State of New York*, 170 AD2d 1000, 1001). Defendant, however, submitted plaintiff's testimony that no safety devices were practical, none was customarily used for such work, and that plaintiff did not know what caused him to fall. Issues of fact preclude summary judgment to either party with respect to the Labor Law § 240 (1) claim.

The court properly denied that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on an alleged violation of 12 NYCRR 23-1.7 (b). Plaintiffs' submissions established that the 12 inch by 12 inch openings in the rebar mat were hazard-

ous and could have been covered by planking. The court erred, however, in failing to dismiss the Labor Law § 241 (6) claim insofar as it is based on alleged violations of 12 NYCRR 23-1.7 (d) and (e) and 23-2.4 (b) because those sections do not apply to the facts of this case. Finally, the court erred in failing to dismiss the Labor Law § 241 (6) claim insofar as it is based on an alleged violation of 12 NYCRR 23-1.5 (a) because that section does not set forth a specific safety standard (*see, Williams v White Haven Mem. Park, supra,* at 923-924; *see also, Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049, 1050).

We modify the order, therefore, by denying plaintiffs' motion and by granting that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on alleged violations of 12 NYCRR 23-1.5 (a), 23-1.7 (d) and (e) and 23-2.4 (b).

All concur except Kehoe, J., who dissents in part in the following Memorandum.

Kehoe, J. (dissenting in part). I respectfully dissent in part. In addition to those modifications ordered by the majority, I would further modify the order by granting that part of defendants' cross motion for summary judgment dismissing the Labor Law § 240 (1) claim. The statute protects workers from those risks "inherent in the particular task because of the relative elevation at which the task must be performed * * * The contemplated hazards are those related to the effects of gravity where protective devices are called for * * * because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). The risks addressed by the statute are " 'limited to such specific gravity-related accidents as falling from a height' " (*Melber v 6333 Main St.,* 91 NY2d 759, 763, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501). Here, plaintiff William Gottstine was injured while walking atop a grid of reinforcement bar, essentially laid at grade about 18 inches from the bottom of a shallow pit prepared for the pouring of a concrete slab. His foot slipped through the grid, causing his knee to strike the rebar and to be struck by a metal plate that he was carrying. In my view, the risk of misstepping on or through the rebar grid was one of the "usual and ordinary dangers at a construction site", not "the type of extraordinary peril section 240 (1) was designed to prevent" (*Nieves v Five Boro Air Conditioning & Refrig. Corp.,* 93 NY2d 914, 916; *see, Sousa v American Ref-Fuel Co.,* 258 AD2d 514, 515; *Duke v Eastman Kodak Co.,* 248 AD2d 990, 990-991). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.