■ CHRIS S. AMO, Respondent, v LITTLE RAPIDS CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants, and LAFRAMBOISE GROUP, LTD., Appellant. MRL CONSTRUCTORS OF NEW YORK, LTD., Third-Party Defendant-Appellant. [754 NYS2d 685] —Spain, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered November 19, 2001 in St. Lawrence County, upon a verdict rendered in favor of plaintiff.

Plaintiff sustained injuries in a work-related accident while employed by third-party defendant, MRL Constructors of New York, Ltd., on a construction excavation project at a paper factory owned by defendant Little Rapids Corporation (hereinafter LRC). LRC had hired as the general contractor on the project defendant Laframboise Group, Ltd., which had subcontracted a portion of the work to MRL, plaintiff's employer. At the time of the accident, plaintiff was standing on top of a rock or boulder jackhammering it in order to break it down and remove it from an area under excavation in a section of the basement floor in the paper factory. Plaintiff fell from the boulder, injuring his back, right knee and ankle. Plaintiff commenced an action against LRC and defendant Potsdam Paper Corporation, premised upon Labor Law § 240 (1) and other claims. Plaintiff then commenced an action against Laframboise, which was later consolidated with his action against LRC and Potsdam. LRC and Potsdam filed a third-party claim against MRL for indemnification and, inter alia, Laframboise sought indemnification from MRL as well. Following discovery, plaintiff moved for summary judgment on his Labor Law § 240 (1) claim and LRC and Laframboise (hereinafter collectively referred to as defendants) cross-moved for summary judgment dismissing plaintiff's complaint; defendants also moved against one another on their indemnification claims. Supreme Court denied all of these motions.

At the first jury trial, plaintiff proceeded solely on his Labor Law § 240 (1) cause of action and, at the close of proof, Supreme Court directed a verdict in plaintiff's favor. After a trial on damages, a judgment was entered against LRC and Laframboise. The court also determined that LRC was entitled to indemnification from Laframboise and MRL and, by later judgment, that Laframboise was entitled to indemnification from MRL.

On appeal, this Court determined that a directed verdict should not have been entered in plaintiff's favor and, accordingly, that defendants were entitled to a new trial on the issue of liability under Labor Law § 240 (1), reasoning that materially conflicting trial testimony had been presented regarding the extent of plaintiff's fall, i.e., regarding the extent of the elevation differential between the top of the boulder where plaintiff was standing—while jackhammering it—and the excavated hardpan surface to which he fell (268 AD2d 712, *amended* 275 AD2d 565 [hereinafter *Amo I*]). While noting that there is no bright-line numerical test to determine the sufficiency of an elevation differential for purposes of imposing

liability under Labor Law § 240 (1) (*id.* at 717), we remitted the matter for a new trial for a jury to resolve the disputed, critical factual issue presented by the testimony as to the extent of plaintiff's fall (*id.* at 716-718), and for the court to thereafter determine as a matter of law—based on that jury finding—whether the work surface was sufficiently elevated so as to fit within the intended protective scope of Labor Law § 240 (1) (*id.* at 718). In an amended decision/order, those portions of the judgments awarding indemnification were also reversed by this Court, while the damages award was not disturbed (275 AD2d 565).

After a second trial, the jury returned a special verdict finding that the height differential from the top of the boulder upon which plaintiff was working to the excavated surface below was 15 inches and that he fell a total of 16 inches from the top of the boulder.[1] Based upon these facts as established by the jury's special verdict, Supreme Court then ruled, as a matter of law, that plaintiff's injuries resulted from the type of elevation-related risk protected by Labor Law § 240 (1) and plaintiff was entitled to judgment in his favor on this claim (2001 NY Slip Op 40289[U]). A judgment was thereafter entered, inter alia, awarding plaintiff $629,945 with costs—the amount determined following the trial on damages—from LRC and Laframboise, and ordered MRL to indemnify defendants. On appeals by defendants[2] and MRL, we affirm.

As an initial matter, we note that the testimony regarding the work site and the injury-producing activity in which plaintiff was engaged at the time of this accident did not materially differ at the second trial. Thus, defendants' contentions that plaintiff's injury was not the result of a hazard contemplated by Labor Law § 240 (1) are rejected for reasons explained at length in *Amo I* (268 AD2d 712, 713-718, *supra*). To the extent that defendants and MRL argue that plaintiff did not actually *fall*, we note that the jury by its special verdict made a factual determination that plaintiff fell 16 inches from the top of the boulder, a determination sufficiently supported by the trial testimony and which we perceive no basis upon which to disturb. Also without merit are defendants' and MRL's

---

1. When Supreme Court inquired, the foreperson explained that the jury's finding that the extent of plaintiff's fall exceeded the elevation differential was attributable to taking into consideration that the rock sloped down into the excavation.

2. While Potsdam joined in LRC's notice of appeal, neither the judgment appealed from nor the prior judgment of Supreme Court entered November 24, 1998—following a trial on damages—is against Potsdam and, accordingly, it is not an aggrieved party.

related contentions that the *nature* of plaintiff's fall—wherein plaintiff slipped while atop the boulder, his body twisted and his right foot was caught between the boulder and the adjacent hardpan trench and he fell onto his coworker sitting on the excavated hardpan and then onto the excavated surface—excludes the protections of Labor Law § 240 (1) (*see Gramigna v Morse Diesel*, 210 AD2d 115, 115-116). These same arguments were made and rejected in *Amo I* on essentially the same testimony.

A review of the testimony at the second trial demonstrates that plaintiff was injured while performing work which presented an elevation-related hazard in that the work required had to be performed on a work site—the boulder—which was itself elevated, and was injured in a fall from the boulder as a result of the direct effects of gravity (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-501). It is undisputed that plaintiff and his coworkers were engaged in the "alter[ation]" of this building, a protected activity (*see Joblon v Solow*, 91 NY2d 457, 465; *see also* Labor Law § 240 [1]) and that no protective devices were provided. As *Amo I* instructed, the only critical, determinative factual question unresolved at the first trial was the extent of plaintiff's fall (268 AD2d 712, *supra*). Defendants' and MRL's central contention on this appeal after the second trial is that the jury's factual determination that plaintiff fell 15 to 16 inches renders Labor Law § 240 (1) inapplicable, as a matter of law. We cannot agree.

The sufficiency of an elevation differential and fall from a height for purposes of Labor Law § 240 (1) liability cannot, unfortunately, be reduced to a numerical bright-line test or automatic minimum/maximum quantification and, indeed, as we recognized in *Amo I* (268 AD2d 712, 717, *supra*), the extent of the elevation differential may not, by itself, necessarily determine whether section 240 (1) applies (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). On one side of the spectrum, de minimis elevations involving falls at or very near ground level are insufficient (*see id.* at 514; 268 AD2d 712, 717, *supra* [and cases cited therein]; *see also Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743, *lv denied* 95 NY2d 766; *Sousa v American Ref-Fuel Co. of Hempstead*, 258 AD2d 514; *DeMayo v 1000 N. of N.Y. Co.*, 246 AD2d 506; *Duffy v Bass & D'Allesandro*, 245 AD2d 333). On the other end of the spectrum, otherwise qualifying falls of several feet have been determined to be sufficiently elevated so as to fit within the intended protective scope of Labor Law § 240 (1) (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561; *Congi v Niagara Fron-*

*tier Transp. Auth.*, 294 AD2d 830; *Gettys v Port Auth. of N.Y. & N.J.*, 248 AD2d 226; *Casabianca v Port Auth. of N.Y. & N.J.*, 237 AD2d 112; *DeLong v State St. Assoc.*, 211 AD2d 891; *Vurchio v Kalikow Lincoln Dev. Co.*, 187 AD2d 280; *cf. Dilluvio v City of New York*, 264 AD2d 115, *affd* 95 NY2d 928; *Francis v Aluminum Co. of Am.*, 240 AD2d 985; *DePuy v Sibley, Lindsay & Curr Co.*, 225 AD2d 1069, 1070).

This case, involving an otherwise qualifying elevation differential of 15 to 16 inches, represents a middle ground, of sorts, in reported Labor Law § 240 (1) jurisprudence and we find support for Supreme Court's conclusion that, considering all of the circumstances of this accident, this height was sufficient to present the type of elevation-related hazard protected by this statute (*see Norton v Bell & Sons*, 237 AD2d 928; *Siago v Garbade Constr. Co.*, 262 AD2d 945; *Binetti v MK W. St. Co.*, 239 AD2d 214). While, to be sure, not all gravity-related falls from 15- to 16-inch elevated work surfaces will implicate Labor Law § 240 (1) protections, we agree that plaintiff's task of standing on a wet boulder at this elevation while jackhammering it in order to break it into pieces during which he experienced a gravity-related fall causing serious injury represented the type of "special hazard" that arises when a work site is itself elevated (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra* at 500-501; *Rocovich v Consolidated Edison Co.*, *supra* at 513-514).

Further, it was uncontroverted that no safety devices were provided to plaintiff in the performance of this task and defendants and MRL offered no proof at trial that the absence of safety devices was not the proximate cause of plaintiff's fall and injuries and, thus, as a matter of law the dictates of Labor Law § 240 (1) were not satisfied by defendants and MRL (*see Felker v Corning, Inc.*, 90 NY2d 219, 224-225; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524; *DeLong v State St. Assoc.*, *supra* at 892). As such, defendants' and MRL's efforts to, in effect, rely on the recalcitrant worker defense are unavailing where no safety devices were provided (*see Hagins v State of New York*, 81 NY2d 921, 922-923; *see also Gordon v Eastern Ry. Supply*, *supra* at 562-563; *Stolt v General Foods Corp.*, 81 NY2d 918, 920).[3] Defendants' and MRL's efforts to rely on comparative negligence principles or plaintiff's assumption of a risk are likewise rejected (*see Stolt v General Foods Corp.*, *supra* at 920; *Bland v Manocherian*, 66

---

**3.** MRL raised no arguments in its brief related to that portion of the judgment directing it to indemnify LRC and Laframboise and, thus, has abandoned that issue (*see Antich v McPartland*, 293 AD2d 953, 953 n 1).

NY2d 452, 459; *Zimmer v Chemung County Performing Arts*, *supra* at 524; *cf. Weininger v Hagedorn & Co.*, 91 NY2d 958, 960).

Defendants' and MRL's remaining contentions on appeal do not warrant disturbing the judgment.

Cardona, P.J., Peters and Lahtinen, JJ., concur.

Mugglin, J. (concurring). I concur upon constraint of this Court's prior decision herein (268 AD2d 712, *amended* 275 AD2d 565).

Ordered that the judgment is affirmed, without costs.