■ Nikolla Leshaj, Appellant, v Long Lake Associates et al., Respondents. (And a Third-Party Action.) [805 NYS2d 692]—

Cardona, P.J. Appeal from an order of the Supreme Court (Connor, J.), entered November 29, 2004 in Columbia County, which, inter alia, denied plaintiff's motion for partial summary judgment on the issue of defendant Long Lake Associates' liability pursuant to Labor Law § 240 (1).

Plaintiff was injured while framing the interior walls of a residence being built by defendant Long Lake Associates (hereinafter defendant) in the Town of Ancram, Columbia County. The home was designed with an open, two-story living and dining area that could be observed from the second floor. At the time of the accident, plaintiff was installing a ceiling header in a second-floor closet abutting the vaulted rooms when he stepped

backwards into an open space between the exposed studs of the wall behind him and fell eight or nine feet to the first floor.

Plaintiff commenced this action alleging negligence and violations of Labor Law §§ 200, 240 and 241. After some discovery, plaintiff moved for partial summary judgment on the issue of defendant's liability pursuant to Labor Law § 240 (1). Supreme Court denied the motion, prompting this appeal.

"The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *accord D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [2000], *lv denied* 95 NY2d 765 [2000]). However, the statute unquestionably applies to the risk of falling from an elevated work site and "a work site is 'elevated' within the meaning of the statute where the required work itself must be performed at an elevation . . . such that one of the devices enumerated in the statute will safely allow the worker to perform the task" (*D'Egidio v Frontier Ins. Co., supra* at 765; *see generally Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-514 [1991]).

Defendant avers that, inasmuch as plaintiff was standing on a permanently installed floor and not performing work at an elevated level above that surface, Labor Law § 240 (1) does not apply (*see e.g. Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743, 743-744 [2000], *lv denied* 95 NY2d 766 [2000]). However, defendant's analysis overlooks the fact that installation of the ceiling header in question required plaintiff to be in close proximity to a steep elevation from the second floor to the first. Moreover, the absence of finished walls on the second floor exposed plaintiff to an elevation-related risk which rendered the presence of a safety device necessary for the safe completion of his work. Inasmuch as it is uncontroverted that no harness, barricade or other device was in place to prevent plaintiff's fall, and mindful that the statute should be liberally construed to protect workers from injury (*see Melber v 6333 Main St.*, 91 NY2d 759, 762 [1998]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520-521 [1985]), we conclude that, under the facts presented herein, Labor Law § 240 (1) was violated as a matter of law and that said violation constituted the proximate cause of plaintiff's injuries (*see Curley v Gateway Communications*, 250 AD2d 888, 889-890 [1998]; *LaJeunesse v Feinman*, 218 AD2d 827, 828-829 [1995]; *Nichols v Deer Run Invs.*, 204

AD2d 929, 932 [1994]; *Flansburg v Merritt Meridian Constr. Corp.*, 191 AD2d 756, 756-757 [1993]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for partial summary judgment; motion granted, summary judgment awarded to plaintiff on the issue of defendant Long Lake Associates' liability under Labor Law § 240 (1); and, as so modified, affirmed.