■ CHRISTOPHER NORTON, Appellant, v JOHN P. BELL & SONS, INC., et al., Respondents, et al., Defendant. JOHN P. BELL & SONS, INC., et al., Third-Party Plaintiffs-Appellants, et al., Third-Party Plaintiff, v FLOWER CITY INTERIORS, INC., Third-Party Defendant-Respondent. [654 NYS2d 512] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: While performing drywall finishing work in the corridor of an addition to a building of defendant F. F. Thompson Hospital (Thompson Hospital) in Canandaigua, plaintiff was standing on an 18-inch-high overturned drywall bucket. He was knocked off the bucket when defendant David Weigand, an employee of defendant R. MacDonald Electric, Inc. (MacDonald Electric), the electrical subcontractor, opened the corridor door "fast and hard". Plaintiff did not fall to the floor but landed on his feet and hands, rapidly backpedaled down the corridor, trying to maintain his balance, and finally came to rest against a wall. Plaintiff brought suit against Thompson Hospital, the owner, John P. Bell & Sons, Inc. (Bell & Sons), the general contractor, MacDonald Electric and Weigand, alleging causes of action under Labor Law §§ 200, 240 (1); § 241 (6), and for negligence. Thompson Hospital, Bell & Sons and MacDonald Electric brought a third-party action against Flower City Interiors, Inc. (Flower City), the drywall subcontractor and plaintiff's employer. Supreme Court denied plaintiff's motion for partial summary judgment on the section 240 (1) cause of action, granted the cross motion of Thompson Hospital and Bell & Sons for summary judgment dismissing the complaint, and denied their motion for summary judgment seeking contractual and common-law indemnification from MacDonald Electric and Flower City. Plaintiff does not dispute that the court properly granted those parts of the cross motion of Thompson

Hospital and Bell & Sons for summary judgment dismissing the Labor Law §§ 200 and 241 (6) causes of action. The court erred, however, in granting that part of their cross motion seeking dismissal of the section 240 (1) cause of action and in denying plaintiff's motion for partial summary judgment thereon.

It is undisputed that plaintiff was engaged in a protected activity. Further, his work entailed "a significant risk inherent in the particular task because of the relative elevation at which the task must be performed" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Although the height differential here was only 18 inches, the determination whether Labor Law § 240 (1) applies does not depend upon the distance that a worker falls. "[T]he extent of the elevation differential may not necessarily determine the existence of an elevation-related risk" (*Rocovich v Consolidated Edison Co., supra*, at 514; *see, Melber v 6333 Main St.*, 224 AD2d 995; *Pietsch v Moog, Inc.*, 156 AD2d 1019). We therefore modify the order by denying in part the cross motion of Thompson Hospital and Bell & Sons and reinstating the section 240 (1) cause of action and by granting plaintiff's motion for partial summary judgment thereon.

In light of our reinstatement of the section 240 (1) cause of action, the motion of Thompson Hospital and Bell & Sons for contractual and common-law indemnification is no longer moot. The contract between Bell & Sons and Flower City is not in the record and we are unable to determine whether it contains an indemnification provision. We therefore affirm the order denying that part of the motion seeking contractual indemnification from Flower City. The record establishes, however, that Thompson Hospital and Bell & Sons did not supervise or control the manner and method of plaintiff's work; we therefore further modify the order by granting that part of their motion seeking common-law indemnification from Flower City (*see, Kelly v Diesel Constr. Div.*, 35 NY2d 1). We have not considered the denial of that part of the motion of Thompson Hospital and Bell & Sons seeking contractual indemnification from MacDonald Electric because neither Thompson Hospital nor Bell & Sons have appealed therefrom. (Appeals from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.