■ PAUL McKEIGHAN, Respondent, v VASSAR COLLEGE et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. J & A ROOFING et al., Third-Party Defendants-Appellants. [862 NYS2d 396]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 7, 2007 in Ulster County, which, among other things, partially denied defendants' motion for summary judgment dismissing the complaint and granted defendants' motion seeking indemnification from third-party defendants.

Plaintiff, a roofer and working supervisor employed by third-party defendant NMA Construction, Inc., seeks to recover for injuries he sustained on November 10, 2003 on the roof of a building owned by defendant Vassar College. Defendant Kirchoff Construction Management, Inc. was the general contractor for the project. Kirchoff hired third-party defendant J & A Roofing as a subcontractor which, in turn, hired NMA. On the date of the accident, plaintiff proceeded to the roof of the building intending to perform soldering on certain gutters located on a more elevated area of the roof called "the tower." To access the tower, plaintiff, carrying work equipment, walked across a flat area of the roof until he reached a parapet wall approximately 27 inches high which surrounded the sloped surface of the tower.

On the opposite side of the wall, the tower sloped to the bottom at an angle such that there was no level surface for a person to stand once the wall was crossed. Therefore, in order to cross over, plaintiff indicated that workers carrying materials used a stepladder, when available, or else a five-gallon metal bucket placed there for that purpose. On the day of the accident, the bucket was next to the wall and, while one of plaintiff's feet was on the bucket and the other on the top of the wall, the bucket tipped and he fell, sustaining injuries.

Thereafter, plaintiff commenced this action against Vassar and Kirchoff alleging negligence and statutory violations, including Labor Law § 240 (1). Defendants then commenced a third-party action alleging, among other things, contractual indemnification. Following discovery, defendants moved for summary judgment dismissing the complaint and also sought indemnification from third-party defendants. Supreme Court granted summary judgment to defendants to the extent of dismissing all of plaintiff's claims except the one alleging a violation of Labor Law § 240 (1) and granted their motion seeking contractual indemnification from third-party defendants. The court further searched the record and granted summary judgment to plaintiff on his Labor Law § 240 (1) cause of action. These appeals by defendants and third-party defendants ensued.

"Labor Law § 240 (1) requires owners and contractors to construct, place and operate elevation-related safety devices to afford the worker proper protection from the risks inherent in working at an elevated work site" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007] [citation omitted]). Upon review of the various arguments presented and "mindful that the statute should be liberally construed to protect workers from injury" (*Leshaj v Long Lake Assoc.*, 24 AD3d 928, 929 [2005]), we conclude that Supreme Court properly granted summary judgment to plaintiff as to his claim pursuant to Labor Law § 240 (1).

Notably, plaintiff testified that he and other workers had previously used a stepladder that belonged to Kirchoff to negotiate the wall and access the tower work site, however, the stepladder had been missing from that location for approximately two weeks prior to the accident and was not returned despite his requests. Although Kirchoff's supervisor, Mark Orton, denied that Kirchoff provided a stepladder for the purpose of traversing the wall and maintained that no safety device was needed at that location, affidavits from plaintiff's coworkers supported the testimony that a stepladder belonging to Kirchoff had previously been provided and used for that

purpose. Plaintiff gave testimony indicating that although a different ladder belonging to his employer was present on the roof that day, it was being used as a means to access the flat section of the roof and, in any event, was an extension ladder, not a stepladder.

We are unpersuaded by the argument that no violation of Labor Law § 240 (1) occurred because no safety device was necessary to get over the subject wall—i.e., plaintiff could have sat on the wall and swung his feet over. In our view, the proof established that not only was a safety device in the form of a ladder required, but its absence was the proximate cause of the accident. Supporting those conclusions was evidence concerning the impracticability of traversing the parapet unaided when equipment or tools were being transported and, importantly, the statement of Kirchoff's own safety director that a ladder was the proper way to negotiate the wall. Moreover, assuming, arguendo, that defendants and third-party defendants are correct that a different type of ladder other than a stepladder could have been used, we note that they have failed to offer credible proof overcoming plaintiff's showing that there were no other ladders at the site unused and available for this purpose (*see Powers v Del Zotto & Son Bldrs.*, 266 AD2d 668, 670 [1999]; *see also Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d 493, 494-495 [2004]; *cf. Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]). Under the facts presented herein, it was foreseeable that, absent a ladder, workers would attempt to use buckets to traverse the wall; accordingly, we conclude that defendants were required to provide an appropriate protective device so that workers could safely access the elevated work area (*see Wilson v Niagara Univ.*, 43 AD3d 1292, 1292-1293 [2007]; *Norton v Bell & Sons*, 237 AD2d 928, 929 [1997]; *LaJeunesse v Feinman*, 218 AD2d 827, 828-829 [1995]; *Wescott v Shear*, 161 AD2d 925, 925-926 [1990], *appeal dismissed* 76 NY2d 846 [1990]; *see also Notaro v Bison Constr. Corp.*, 32 AD3d 1218, 1219 [2006]).

Turning to third-party defendants' contention that defendants were not entitled to summary judgment on the issue of contractual indemnification, we note that such motion was properly granted as to Vassar, given that it is undisputed that Vassar's liability was vicarious and it had no presence at this work site, either supervisory or otherwise (*see Siago v Garbade Constr. Co.*, 262 AD2d 945, 946 [1999]). With respect to Kirchoff, however, we reach a different result. The indemnification clause at issue specifically states that it "does not extend to that part of any claims, damages, loss, liability or expenses shown to be

arising from the negligent acts or omissions of [Kirchoff]." Here, the proof as to Kirchoff's supervision of the subcontractors and whether it was negligent is equivocal. The record reveals that Orton, Kirchoff's working supervisor, monitored safety issues at the site, supervised the employees of the subcontractors to a disputed degree, was present at the work site daily until November 3, 2003 and returned about once a week thereafter in order to make sure that certain tasks on the final "punch list" were completed. Although Orton denied providing, removing or promising to acquire a stepladder for the use of third-party defendants' employees, plaintiff's proof is to the contrary. Under these circumstances, we conclude that sufficient triable issues of fact as to, among other things, Kirchoff's alleged active negligence have been raised so as to preclude summary judgment as to this issue (*see Squires v Marini Bldrs.*, 293 AD2d 808, 809 [2002], *lv denied* 99 NY2d 502 [2002]; *Walsh v Diesel*, 143 AD2d 653, 655 [1988]).*

The remaining issues raised by the parties but not expressly addressed herein, including third-party defendants' contention that Labor Law § 240 (1) does not apply because the elevation involved herein was insufficient (*see Norton v Bell & Sons*, 237 AD2d at 929), have been examined and found to be unpersuasive.

Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant and third-party plaintiff Kirchoff Construction Management, Inc. for summary judgment as to its cause of action for contractual indemnification againt third-party defendants; motion denied to that extent; and, as so modified, affirmed.

---

* In determining that questions of fact as to Kirchoff's negligence are present for purposes of denying summary judgment as to contractual indemnification, we are aware that Supreme Court dismissed plaintiff's Labor Law § 200 cause of action. Inasmuch as plaintiff did not appeal that dismissal, we express no view regarding the propriety of that ruling.