# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**565**

**CA 11-02418**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

GAIL E. PATTERSON, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CENTRAL NEW YORK REGIONAL TRANSPORTATION
AUTHORITY (CNYRTA) AND CENTRO, INC.,
DEFENDANTS-APPELLANTS.

---

MACKENZIE HUGHES LLP, SYRACUSE (MICHAEL J. LIVOLSI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

ALEXANDER & CATALANO, LLC, SYRACUSE (PETER J. ADDONIZIO OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

　　　　Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered February 9, 2011 in a personal
injury action.  The order, insofar as appealed from, denied the motion
of defendants for summary judgment.

　　　　It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, defendants' motion is
granted and the complaint is dismissed.

　　　　Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained while riding on a public bus owned
and operated by defendants.  According to plaintiff, she was standing
in the aisle of the bus when the driver suddenly applied the brakes,
causing her to lurch forward.  Although plaintiff did not fall to the
ground, she testified at her deposition that she heard something "pop"
in her right knee when she leaned forward.  Plaintiff alleged in her
bill of particulars that she sustained a fracture of the "proximal
tibia, laterally, involving the tibial plateau," and underwent
surgery.  The bus driver testified at her deposition that the incident
occurred when she stopped the bus as it was pulling away from the curb
after picking up several passengers.  The driver applied the brakes in
order to avoid hitting a boy on a skateboard who "came out of nowhere"
and rode in front of the bus.  According to plaintiff, the bus driver
operated the bus in a negligent manner, and defendants were
vicariously liable for her negligence.  Following discovery,
defendants moved for summary judgment dismissing the complaint and for
dismissal of the complaint for failure to state a cause of action.  In
support of their request for summary judgment, defendants contended
that the emergency doctrine applied and that the bus driver's actions
were reasonable under the circumstances.  We agree with defendants

that Supreme Court erred in denying the motion insofar as defendants sought summary judgment dismissing the complaint.

Under the emergency doctrine, " 'when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Caristo v Sanzone*, 96 NY2d 172, 174, quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990).

Here, defendants met their initial burden by establishing as a matter of law that the emergency doctrine applied, inasmuch as the boy on the skateboard rode unexpectedly in front of the bus as it was pulling away from the curb and the driver was therefore compelled to apply the brakes suddenly in order to avoid hitting him.  In response, plaintiff failed to raise an issue of fact with respect to the applicability of the emergency doctrine or the reasonableness of the driver's actions.  Although "it generally remains a question for the trier of fact to determine whether an emergency existed and, if so, whether the [driver's] response thereto was reasonable" (*Schlanger v Doe*, 53 AD3d 827, 828), summary judgment is appropriate where, as here, " 'the driver presents sufficient evidence to establish the reasonableness of his or her actions [in an emergency situation] and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact' " (*McGraw v Glowacki*, 303 AD2d 968, 969; *see Ward v Cox*, 38 AD3d 313, 314).  Plaintiff's contentions that the driver could or should have seen the skateboarder earlier or applied the brake less forcefully are based entirely on speculation and thus are insufficient to raise an issue of fact to defeat the motion (*see generally Bellassai v Roberts Wesleyan Coll.*, 59 AD3d 1125, 1126).

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court