■ JOSE CARLOS DASILVA, Respondent, and STRUCTURAL PRESERVATION SYSTEMS, LLC, et al., Appellants, v EVEREST SCAFFOLDING, INC., Respondent. STRUCTURAL PRESERVATION SYSTEMS, LLC, Third-Party Plaintiff-Appellant, v GREENLINE INDUSTRIES, INC., Third-Party Defendant-Respondent. [25 NYS3d 141]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about September 22, 2014, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim as against defendants Structural Preservation Systems, LLC (SPS) and ASN Roosevelt Center LLC, Archstone Communities, and Archstone-Smith Communities, LLC (collectively Archstone), and granted defendant Everest Scaffolding, Inc.'s motion for summary judgment dismissing the cross claim for contractual indemnification, and order, same court and Justice, entered on or about December 15, 2014, which denied SPS and Archstone's motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) claims as against them and on SPS's third-party claim for contractual indemnification, unanimously affirmed, without costs.

Plaintiff established prima facie that his accident was proximately caused by a violation of Labor Law § 240 (1) through his testimony that he fell off a scaffolding frame onto a scaffolding platform when the scaffolding moved while he was attempting to remove a staple from a plastic covering on the building exterior while propping himself up on a cross-brace of the frame; he had climbed onto the cross-brace because the staple was about six feet above his reach when he stood on the platform (*see Fanning v Rockefeller Univ.*, 106 AD3d 484 [1st Dept 2013]; *cf. Ellerbe v Port Auth. of N.Y. & N.J.*, 91 AD3d 441, 442 [1st Dept 2012] [summary judgment denied plaintiff where issue of fact existed whether he "simply lost his footing while climbing a properly secured, non-defective exten-

sion ladder that did not malfunction"]). SPS and Archstone's recalcitrant worker defense, based on plaintiff's failure to use a ladder, is unavailing in the absence of any evidence that plaintiff knew he was expected to use a ladder (*Gallagher v New York Post*, 14 NY3d 83, 88 [2010]) or that there was a "practice" of workers obtaining ladders themselves because it was "easily done" (*Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 10-11 [1st Dept 2011]).

In light of the foregoing, the Labor Law § 241 (6) claim as against SPS and Archstone and the Labor Law § 200 and common-law negligence claims as against Archstone are academic (*see Fanning*, 106 AD3d at 485). The Labor Law § 200 and common-law negligence claims as against SPS are not academic since they are relevant to the indemnification issues on appeal. Summary dismissal of those claims is precluded by triable issues of fact as to whether SPS exercised supervisory control over the work, which were raised by its foreman's testimony about SPS's direction of the work and daily inspections of the scaffolding. Triable issues of fact also exist as to whether SPS had constructive notice that the scaffolding was likely to shake while in use.

Summary dismissal of SPS's third-party claim for contractual indemnification is precluded by SPS's "fail[ure] to establish as a matter of law its own freedom from any negligence beyond the statutory liability" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1st Dept 1999]).

Archstone's argument that it is also entitled to contractual indemnification by third-party defendant is not properly before us since it is not included in the table of contents or as a point heading in the argument in SPS and Archstone's main brief, as required by this Court's rules (Rules of App Div, 1st Dept [22 NYCRR] § 600.10 [d] [2] [i], [iv]).

SPS and Archstone's contractual indemnification claim against Everest, the subcontractor that installed the scaffolding, was correctly dismissed in the absence of any evidence of negligence on Everest's part in the performance of its work (*see Brown v Two Exch. Plaza Partners*, 146 AD2d 129, 136 [1st Dept 1989], *affd* 76 NY2d 172 [1990]). Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.