Ferguson v Durst Pyramid, LLC (2019 NY Slip Op 09388)





Ferguson v Durst Pyramid, LLC


2019 NY Slip Op 09388


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10667 161274/14

[*1] Shondel Ferguson, et al., Plaintiffs-Appellants,
v
Durst Pyramid, LLC, et al., Defendants-Respondents, The Durst Organization, Inc., Defendant.


Sacks and Sacks, L.L.P., New York (Scott N. Singer of counsel), for appellants.
Cullen and Dykman LLP, New York (Kristy R. Eagan of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 28, 2018, which denied plaintiffs' motion for partial summary judgment on the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on Industrial Code § 23-1.7(f), and granted defendants Durst Pyramid, LLC and Hunter Roberts Construction Group, LLC's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' motion as to the Labor Law §§ 240(1) and 241(6) claims, and grant plaintiff's motion, and otherwise affirmed, without costs.
The protection of Labor Law § 240(1) encompasses plaintiff Shondel Ferguson's fall while trying to access an elevated work platform by stepping up onto an inverted bucket, an inadequate safety device that failed to provide proper protection (see McKeighan v Vassar Coll., 53 AD3d 831, 831-833 [3d Dept 2008]; Wilson v Niagara Univ., 43 AD3d 1292, 1292-1293 [4th Dept 2007]). Moreover, defendants failed to cite any evidence rebutting the affidavit by plaintiff's foreman stating that stairs or other access points to the work platform were either restricted or blocked by materials. Because no safety devices were available to plaintiff to access the platform, as a matter of fact and law, plaintiff's attempt to use the inverted bucket cannot be the sole proximate cause of his accident (see Cuentas v Sephora USA, Inc., 102 AD3d 504 [1st Dept 2013]).
Because no stairways, ramps, or runaways were available to plaintiff to access the platform, he was entitled to summary judgment on his Labor Law § 241(6) claim predicated upon Industrial Code (12 NYCRR) § 23-1.7(f) (see Conklin v Triborough Bridge & Tunnel Auth., 49 AD3d 320, 321 [1st Dept 2008]). However, because plaintiff's accident occurred due to the means and methods of accessing his work, which defendants did not direct and control, the common-law negligence and Labor Law § 200
claims were correctly dismissed (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012, Catterson, J., dissenting]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK