Blajszczak v McGhee-Reynolds (2021 NY Slip Op 00728)





Blajszczak v McGhee-Reynolds


2021 NY Slip Op 00728


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


877 CA 19-02235

[*1]GARY BLAJSZCZAK, PLAINTIFF-RESPONDENT,
v
MEGHAN MCGHEE-REYNOLDS, DEFENDANT-APPELLANT. 






LAW OFFICE OF VICTOR M. WRIGHT, ORCHARD PARK (RACHEL A. EMMINGER OF COUNSEL), FOR DEFENDANT-APPELLANT.


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered November 25, 2019. The order denied defendant's motion for summary judgment dismissing the complaint and, in the alternative, for bifurcation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained in a motor vehicle accident in which the motorcycle plaintiff was driving rear-ended a vehicle driven by defendant after defendant allegedly stopped suddenly when a dog ran into the road. Defendant moved for summary judgment dismissing the complaint on, inter alia, the ground that she was not negligent and, in the alternative, for bifurcation of the issues of negligence and damages. Supreme Court denied the motion and defendant now appeals. We affirm.
Defendant failed to establish that she was entitled to judgment as a matter of law on the issue of negligence because her own papers raised an issue of fact with respect to that issue (see generally Niedzwiecki v Yeates, 175 AD3d 903, 904 [4th Dept 2019]). A driver who stops suddenly has a duty to do so with "reasonable care and due regard to other[] [drivers]" and to give " 'an appropriate signal . . . to the driver of any vehicle immediately to the rear' " (PJI 2:83; see Vehicle and Traffic Law § 1163 [c]). Here, although defendant testified at her deposition that she was completely stopped for 10 seconds before the collision, defendant also submitted plaintiff's deposition testimony that defendant stopped so suddenly that plaintiff was unable to avoid colliding with defendant's vehicle. Further, while the accident occurred in a residential area, defendant stopped her vehicle on a road with a speed limit of 45 miles per hour, where motorists could have reasonably expected traffic to continue unimpeded (see Tutrani v County of Suffolk, 10 NY3d 906, 907 [2008]). Moreover, even if defendant met her initial burden of establishing that she was not negligent, we conclude that plaintiff raised an issue of fact by submitting the expert affidavit of an experienced driving instructor who opined that the best practice for a driver confronted with a small animal in the road is to avoid stopping suddenly (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We reject defendant's contention that, pursuant to the emergency doctrine, her actions were not negligent as a matter of law. Under the emergency doctrine, "when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes [the driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Patterson v Central N.Y. Regional Transp. Auth. [CNYRTA], 94 AD3d 1565, 1565 [4th Dept 2012], lv denied 19 NY3d 815 [2012] [internal quotation marks omitted]; see Caristo v Sanzone, 96 NY2d 172, 174 [2001]). Generally, it is "for the trier of fact to determine whether an emergency existed and, if so, whether the [driver's] response thereto was reasonable" (Patterson, [*2]94 AD3d at 1566 [internal quotation marks omitted]). However, "summary judgment is appropriate where . . . the driver presents sufficient evidence to establish the reasonableness of his or her actions [in an emergency situation] and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact" (id. [internal quotation marks omitted]). Here, defendant met her initial burden of establishing that she was faced with a sudden and unforeseen emergency inasmuch as a dog ran out into the road (see id.), but plaintiff raised an issue of fact whether defendant's response to the situation was that of a reasonably prudent person (see generally Heye v Smith, 30 AD3d 991, 992-993 [4th Dept 2006]).
Finally, we conclude that the court did not abuse its discretion in denying defendant's motion with respect to bifurcation of the issues of negligence and damages. As a general rule, "[i]ssues of liability and damages in a negligence action are distinct and severable issues that should be tried and determined separately unless plaintiff's injuries have an important bearing on the issue of liability" (Tomiuk v Oakgrove Constr., Inc., 52 AD3d 1275, 1275 [4th Dept 2008] [internal quotation marks omitted]), or unless bifurcation would not " 'assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action' " (Piccione v Tri-main Dev., 5 AD3d 1086, 1087 [4th Dept 2004]). Here, the court did not abuse its discretion in determining that bifurcation would not assist in a clarification or simplification of the issues (see Mazur v Mazur, 288 AD2d 945, 945-946 [4th Dept 2001]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court