Miller v Rerob, LLC (2021 NY Slip Op 04864)





Miller v Rerob, LLC


2021 NY Slip Op 04864


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


603 CA 20-00719

[*1]STERLING MILLER, PLAINTIFF-RESPONDENT-APPELLANT,
v
REROB, LLC, PETR-ALL PETROLEUM CONSULTING CORP., ALSO KNOWN AS PETR-ALL PETROLEUM CORP., ALSO KNOWN AS PETR-ALL CORP., CORTLAND PUMP & EQUIPMENT, INC., DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANT.
REROB, LLC, PETR-ALL PETROLEUM CONSULTING CORP., ALSO KNOWN AS PETR-ALL PETROLEUM CORP., ALSO KNOWN AS PETR-ALL CORP., THIRD-PARTY PLAINTIFFS-APPELLANTS,
v
J & E PILE DRIVING, INC., THIRD-PARTY DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






KENNEDYS CMK LLP, NEW YORK CITY (NITIN SAIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS REROB, LLC, AND PETR-ALL PETROLEUM CONSULTING CORP.,
AS PETR-ALL CORP. 
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT CORTLAND PUMP & EQUIPMENT, INC.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JAMES W. CUNNINGHAM OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.


 Appeals and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 27, 2020. The order granted in part and denied in part the respective motions of the parties for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion of defendants Rerob, LLC and Petr-All Petroleum Consulting Corp., also known as Petr-All Petroleum Corp., also known as Petr-All Corp., seeking summary judgment on their cross claim for contractual indemnification against defendant Cortland Pump & Equipment, Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that he sustained in an accident on a construction site. The accident occurred when plaintiff, a laborer employed by third-party defendant J & E Pile Driving, Inc. (J & E), rigged a metal "Z sheet" to a crane and signaled the crane operator to hoist the Z sheet from its position on top of a stack of such sheets, even though a 600-pound, metal "corner piece" was lying unsecured on top of the Z sheet. As the crane was hoisting the Z sheet, the corner [*2]piece fell and struck plaintiff in the head. In appeal No. 1, defendants-third-party plaintiffs Rerob, LLC and Petr-All Petroleum Consulting Corp., also known as Petr-All Petroleum Corp., also known as Petr-All Corp. (Rerob defendants) and defendant Cortland Pump & Equipment, Inc. (Cortland Pump) appeal, and plaintiff cross-appeals, from an order that, inter alia, (1) granted that part of plaintiff's motion seeking partial summary judgment on his Labor Law § 240 (1) cause of action; (2) granted those parts of the motions of the Rerob defendants and Cortland Pump seeking summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 causes of action against them; (3) denied those parts of the Rerob defendants' motion seeking summary judgment on their cross claim for contractual indemnification against Cortland Pump and on their third-party cause of action for contractual indemnification against J & E; and (4) denied that part of Cortland Pump's motion seeking summary judgment on its cross claim for contractual indemnification against J & E. In appeal No. 2, the Rerob defendants and Cortland Pump appeal from an order that, among other things, granted plaintiff's motion to bifurcate and proceed to a trial on damages with respect to his Labor Law § 240 (1) cause of action.
The Rerob defendants and Cortland Pump contend in appeal No. 1 that plaintiff's own conduct was the sole proximate cause of the accident and therefore Supreme Court erred in granting that part of his motion seeking partial summary judgment on his Labor Law § 240 (1) cause of action. We reject that contention. It is well settled that the statute imposes absolute liability upon contractors or owners where a violation of the statute is a proximate cause of the accident, and that contributory negligence is not a defense to absolute liability under the statute (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]; Weitzel v State of New York, 160 AD3d 1394, 1394 [4th Dept 2018]). Nevertheless, a defendant may defeat a plaintiff's motion for summary judgment by raising an issue of fact whether the plaintiff's own conduct was the sole proximate cause of the accident (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]; Weitzel, 160 AD3d at 1394). Here, we conclude that plaintiff met his initial burden on his motion with respect to the section 240 (1) cause of action by submitting, among other things, affidavits from experts who opined that the corner piece should have been removed with a crane immediately after the stack of Z sheets was offloaded from the flatbed truck that was used to transport the materials to the site, and before moving any individual Z sheet, and the Rerob defendants and Cortland Pump failed to raise an issue of fact (see Hamilton v Kushnir Realty Co., 51 AD3d 864, 865 [2d Dept 2008], lv denied 15 NY3d 705 [2010]; Miglionico v Bovis Lend Lease, Inc., 47 AD3d 561, 565 [1st Dept 2008]). In our view, the evidence submitted in opposition to plaintiff's motion established, at most, contributory negligence on the part of plaintiff (see Gallegos v Bridge Land Vestry, LLC, 188 AD3d 566, 567 [1st Dept 2020]; Ernish v City of New York, 2 AD3d 256, 257 [1st Dept 2003]).
Furthermore, because plaintiff is entitled to partial summary judgment on the Labor Law § 240 (1) cause of action, the contentions of the Rerob defendants, Cortland Pump, and plaintiff on appeal and cross appeal concerning the common-law negligence and Labor Law §§ 200 and 241 (6) causes of action are academic (see DaSilva v Everest Scaffolding, Inc., 136 AD3d 423, 424 [1st Dept 2016]; Jerez v Tishman Constr. Corp. of N.Y., 118 AD3d 617, 617-618 [1st Dept 2014]).
The Rerob defendants further contend that the court erred in denying that part of their motion seeking summary judgment on their cross claim for contractual indemnification against Cortland Pump. We agree, and we therefore modify the order in appeal No. 1 accordingly. The Rerob defendants met their initial burden by submitting the master hold harmless agreement executed by the Rerob defendants and Cortland Pump, along with the deposition testimony of numerous witnesses establishing that the Rerob defendants' liability was vicarious and they did not supervise or control the work (see McKeighan v Vassar Coll., 53 AD3d 831, 833 [3d Dept 2008]; cf. Divens v Finger Lakes Gaming & Racing Assn., Inc., LP, 151 AD3d 1640, 1642-1643 [4th Dept 2017]). Cortland Pump failed to raise a triable issue of fact (cf. McKeighan, 53 AD3d at 833-834).
Nevertheless, we reject the contentions of the Rerob defendants and Cortland Pump that the court erred in denying those parts of their motions seeking summary judgment on their third-party cause of action and cross claim for contractual indemnification against J & E. "[I]t is elementary that the right to contractual indemnification depends upon the specific language of the contract" (Gillmore v Duke/Fluor Daniel, 221 AD2d 938, 939 [4th Dept 1995]). Here, in the master subcontract agreement, J & E agreed to indemnify the Rerob defendants and Cortland [*3]Pump for claims "only to the extent attributable to the negligence of [J & E] or any entity for which it is legally responsible or vicariously liable." We conclude that neither the Rerob defendants nor Cortland Pump met their respective burdens because they failed to establish that the accident is attributable to the negligence of J & E or any entity for which it is vicariously liable (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Contrary to the contention of Cortland Pump, we conclude that it failed to establish as a matter of law that plaintiff is a person for whom J & E is vicariously liable (see generally Rivera v State of New York, 34 NY3d 383, 389 [2019]; Gui Ying Shi v McDonald's Corp., 110 AD3d 678, 679 [2d Dept 2013]).
With respect to appeal No. 2, we reject the contentions of the Rerob defendants and Cortland Pump that the court abused its discretion in granting plaintiff's bifurcation motion (cf. Blajszczak v McGhee-Reynolds, 191 AD3d 1339, 1340-1341 [4th Dept 2021]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court