Garcia v 100 Church Fee Owner, LLC (2025 NY Slip Op 06809)

Garcia v 100 Church Fee Owner, LLC

2025 NY Slip Op 06809

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Index No. 158554/18, 595447/19|Appeal No. 5300|Case No. 2024-04495|

[*1]Geremias J. Berganza Garcia, Plaintiff-Respondent,
v
100 Church Fee Owner, LLC, et al., Defendants-Appellants, 100 Church Street Tenant, LLC, Defendant, Stephen Foy Mechanical Service Corp., Defendant-Respondent. 100 Church Fee Owner, LLC, et al., Third-Party Plaintiffs-Appellants,

Litchfield Cavo LLP, New York (Beth A. Saydak of counsel), for appellants.
Shulman & Hill, PLLC, New York (Timothy Norton of counsel), for Geremias J. Berganza Garcia, respondent.
Alahverdian Van Leuvan, P.C., Bethpage (Shont H. Voskerijian of counsel), for Mellifont Construction Corp., respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about June 28, 2024, which granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim and denied the cross-motion of defendants 100 Church Fee Owner, LLC, SL Green Realty Corp., and R & S Construction Contracting, Inc. for summary judgment dismissing the Labor Law §§ 200 and 241(6) claims as against them, for judgment in their favor on their cross-claims as against defendant Stephen Foy Mechanical Service Corp. for common-law and contractual indemnification, and for judgment in their favor on their causes of action against third-party defendant Mellifont Construction Corp. for common-law and contractual indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to the extent of granting the cross-motion to dismiss the Labor Law § 200 claim as against defendant 100 Church, and otherwise affirmed, without costs.
R & S was the general contractor for a project to add floors and install a freight elevator to a building owned by 100 Church and managed by SL Green. R & S subcontracted with Stephen Foy to move and install pipes on the new floors and subcontracted with Mellifont to perform demolition work, including work inside the shaft where the new elevator was to be installed. Plaintiff, who was employed by Mellifont, alleges that he was building a scaffold inside the elevator shaft when a welder employed by Stephen Foy dropped a welding clamp. According to testimony by R & S's foreman, the clamp fell down an adjacent utility shaft from the eighth floor, bounced off the second floor, passed through an opening in the wall between the shafts via the gaps between exposed pipes, and fell down the elevator shaft, striking plaintiff at the basement level.
Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 240 claim by submitting evidence that the welding clamp was an object that required securing for the purposes of the undertaking and there were no adequate safety devices to protect him from the hazard of a falling object (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022]). Furthermore, the testimony of defendants' witnesses, including the foreman and the Stephen Foy plumber who was working with the welder who dropped the clamp, confirmed the sequence of events leading up to plaintiff's injury. Thus, the record established that the absence of protective devices proximately caused plaintiff's injuries.
The Labor Law § 241(6) claim is academic in light of the grant of partial summary judgment under Labor Law § 240(1) (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]). Contrary to Supreme Court's finding, however, the Labor Law § 200 claim as against R & S and SL Green is not academic, as it is relevant to the indemnification issues (see DaSilva v Everest Scaffolding, Inc., 136 AD3d 423, 424 [1st Dept 2016]). Furthermore, the record presents issues of fact as to whether R & S and SL Green controlled the scheduling concerning when Stephen Foy and Mellifont were working in the elevator and utility shafts, and as to whether R & S and SL Green oversaw site safety, placing them in a position to avoid the unsafe condition of plaintiff's work (see Matthews v 400 Fifth Realty LLC, 111 AD3d 405, 406 [1st Dept 2013]; see also Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 353 [1998]).
Supreme Court should have dismissed the § 200 claim against 100 Church as plaintiff does not dispute that 100 Church did not coordinate the work. Contrary to plaintiff's assertions otherwise, this action does not present a hybrid scenario, where an accident is caused by a dangerous condition on the premises as well as by the means and methods of the work. Rather, the accident, which resulted from a falling object, arose solely from the means and methods of the work, thus limiting 100 Church's liability in this instance (see e.g. Narducci v Manhasset Bay Assoc., 96 NY2d 259, 266, 269 [2001]; cf. Vitucci v Durst Pyramid LLC, 205 AD3d 441, 444 [1st Dept 2022]).
Defendants failed to establish entitlement to summary judgment on their claims against Stephen Foy and Mellifont for common-law indemnification and contractual indemnification. As noted above, the record presents issues of fact as to R & S's and SL Green's negligence in coordinating the subcontractors' work (see Bradley v NYU Langone Hosps., 223 AD3d 509, 511-512 [1st Dept 2024]; Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 247 [1st Dept 2013]). Moreover, although 100 Church is not liable under Labor Law § 200, it is not entitled to summary judgment on its contractual indemnification claims, as Stephen Foy's and Mellifont's indemnity obligations are contingent on findings that their negligence in performing their work caused the accident. The indemnification provision in Mellifont's contract, which contains a savings clause, does not violate General Obligations Law § 5-322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 209 [2008]).
Finally, Supreme Court properly denied summary judgment on defendants' claim against Mellifont for breach of contract for failure to procure insurance, as they failed to show that a contract provision requiring the procurement of insurance was not complied with (see Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]). Defendants were named as additional insureds under the umbrella policy, which provides that defense coverage is triggered by the exhaustion of the primary coverage. Moreover, the excess insurer properly denied coverage pending a determination that Mellifont was negligent (see DiBrino v Rockefeller Ctr. N., Inc., 230 AD3d 127, 130, 137 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025