Ravelo v RXR 32 Old Slip Owner, LLC (2026 NY Slip Op 01927)

Ravelo v RXR 32 Old Slip Owner, LLC

2026 NY Slip Op 01927

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 157980/20|Appeal No. 6236|Case No. 2024-06965|

[*1]James Ravelo et al., Plaintiffs-Respondents,
vRXR 32 Old Slip Owner, LLC, et al., Defendants-Appellants.

Henegan Construction Co., Inc., Third-Party Plaintiff-Appellant,
vEurotech Construction Corp., Third-Party Defendant-Respondent.

RXR 32 Old Slip Owner, LLC, et al., Second Third-Party Plaintiffs-Appellants,
vEurotech Construction Corp., Second Third-Party Defendant-Respondent. ?

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood II of counsel), for James Ravelo and Jenny Ravelo, respondents.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York (Julia Audibert of counsel), for Eurotech Construction Corp., respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about October 28, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to dismiss the affirmative defense of culpable conduct and denied the motion of defendants RXR 32 Old Slip Owner, LLC, Henegan Construction Co., Inc., and Cahill Gordon & Reindel LLP for summary judgment on their contractual indemnification claim against third-party defendant Eurotech Construction Corp., unanimously reversed, on the law, without costs, the affirmative defense of culpable conduct reinstated, and defendants' motion for summary judgment on their contractual indemnification claim against Eurotech granted to the extent of granting RXR and Cahill unconditional contractual indemnification and granting Henegan conditional contractual indemnification.
Defendant RXR, the owner of commercial property in Manhattan, leased 5½ floors of the premises to defendant Cahill. Cahill retained defendant Henegan as general contractor to build out and install interior finishes on the leased floors, and Henegan, in turn, retained Eurotech to install the framing, drywall, and ceiling. The injured plaintiff, a carpenter employed by Eurotech, alleges that he was injured as he was installing sheetrock in the ceiling. To reach the ceiling, plaintiff was instructed to position and use a Baker scaffold, which was set at about three feet above the ground but was missing safety rails. Plaintiff testified that he could not recall if he locked the scaffold's wheels or whether he checked that they were locked. As plaintiff worked, the Baker scaffold shifted, causing him to lose balance and fall about three feet to the ground.
Supreme Court should have granted the motion of RXR and Cahill for summary judgment on their claim for contractual indemnification against Eurotech. RXR and Cahill made a prima facie showing that they were free of negligence, as the record demonstrates that the accident was caused by the means and methods of the work and that RXR and Cahill did not exercise supervisory control over the injury-causing activity (Batlle v NY Devs. & Mgmt., Inc., 193 AD3d 562, 563 [1st Dept 2021]).
As to defendant Henegan, Supreme Court should have conditionally granted its motion on its claims for contractual indemnification against Eurotech (see Gervasi v FSP 787 Seventh LLC, 228 AD3d 459, 461 [1st Dept 2024]). Issues of fact remain as to whether any negligence on Henegan's part — for example, coordinating the subcontractors' work and directing workers where to store material — contributed to the accident (see Nicholson v Sabey Data Ctr. Props., LLC, 205 AD3d 620, 622 [1st Dept 2022]; see also Gervasi v FSP 787 Seventh LLC, 228 AD3d 459, 461 [1st Dept 2024]).
Supreme Court should also not have dismissed defendants' affirmative defense of culpable conduct, as plaintiffs did not demonstrate that the defense had no merit (see CPLR 3211[b]). The issue of culpable conduct is not moot, notwithstanding that defendants do not appeal from that portion of Supreme Court's order as granted plaintiffs' motion for summary judgment on liability on their Labor Law § 240(1) claim (see DaSilva v Everest Scaffolding, Inc., 136 AD3d 423, 424 [1st Dept 2016] ["The Labor Law § 200 and common-law negligence claims . . . are not academic since they are relevant to the indemnification issues"]). Although plaintiff was not the sole proximate cause of the accidently, and considering the award of summary judgment on plaintiff's Labor Law § 240(1) claim, the record did not establish that plaintiff, a Eurotech employee, was entirely free from negligence. Triable issues of fact thus prevent dismissal of the culpable conduct affirmative defense (see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026