Jun Lim Chang v 37 Plaza LLC
2026 NY Slip Op 03384
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jun Lim Chang, Plaintiff-Respondent,
v
37 Plaza LLC, Defendant-Respondent, Ransd Design, Inc., Defendant-Appellant.
[A Third-Party Action]
Ransd Design, Inc., Second Third-Party Plaintiff-Appellant,
H Point Inc., Second Third-Party Defendant-Respondent.

Decided and Entered: June 02, 2026
Index No. 153252/20 595598/21 595312/23|Appeal No. 6788|Case No. 2025-06767|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Cuomo LLC, Mineola (Matthew A. Cuomo of counsel), for appellant.
Kelner & Kelner, New York (Gail S. Kelner of counsel), for Jun Lim Chang, respondent.
Jeffrey Kim, PC, Bayside (Jeffrey Kim of counsel), for 37 Plaza LLC, respondent.
Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for H Point Inc., respondent.

[*1]
Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about October 7, 2025, which, to the extent appealed from, granted (1) plaintiff's motion for partial summary judgment on plaintiff's Labor Law § 240 (1) claim and Labor Law § 241 (6) claim predicated on violations of Industrial Code (12 NYCRR) 23-1.7 (b) and 23-1.16 (b) as against defendant Ransd Design Inc., and (2) denied Ransd's motion for summary judgment (a) dismissing plaintiff's common-law negligence and Labor Law § 200 claims, (b) dismissing defendant 37 Plaza LLC and third-party defendant H Point Inc.'s cross-claims against Ransd for common-law contribution/indemnification, and (c) on Ransd's claim for a conditional order of common-law indemnity against H Point, unanimously modified, on the law, without costs, to the extent of granting Ransd's motion for summary judgment dismissing H Point's cross-claim for common-law indemnification as against it, and otherwise affirmed, without costs.
Supreme Court properly determined that Ransd was the general contractor at the time of decedent's accident for purposes of Labor Law liability. The affidavit by Ransd's owner stating that Ransd was no longer the general contractor at the time of the accident, and that its work when plaintiff's decedent was injured was limited to general carpentry work in a different part of the building, should be disregarded because it contradicted his earlier deposition testimony that Ransd was the general contractor at the time of the accident, and thus created only a feigned issue of fact (see Daly v Metropolitan Transp. Auth., 206 AD3d 467, 468 [1st Dept 2022]). Moreover, Ransd identified itself as the general contractor on the daily report generated on the day of the accident.
In light of our determination that Ransd, which does not argue that the condition which led to the accident was not a violation of Labor Law § 240(1), is liable as a general contractor, the Labor Law § 241(6) claim as against Ransd is academic (see DaSilva v Everest Scaffolding, Inc., 136 AD3d 423, 424 [1st Dept 2016]). However, the determination that Ransd is liable under Labor Law § 240(1) does not render its liability for common-law negligence and violations of Labor Law § 200 academic. Ransd's negligence is relevant to the common-law indemnification and contribution issues on appeal (see id.).
[*2]
Supreme Court properly denied dismissal of plaintiff's common-law negligence and Labor Law § 200 claims, and summary judgment to Ransd on its third-party common-law indemnification claim against H Point. To be entitled to common-law indemnification, the party seeking indemnification must prove "not only that the proposed indemnitor's negligence contributed to the causation of the accident, but also that the party seeking indemnity was free from negligence" (Martins v Little 40 Worth Assoc., Inc., 72 AD3d 483, 484 [1st Dept 2010]). Questions of fact exist as to whether Ransd could be held liable for common-law negligence and a violation of Labor Law § 200 based on its having had notice of a defective condition (see DeVita v NYY Steak Manhattan, LLC, 214 AD3d 477, 478 [1st Dept 2023]). It is unclear from the record whether Ransd had actual notice of the opening in the second floor through which plaintiff's decedent fell. Ransd's owner testified that either Ransd or H Point installed the opening. We cannot determine whether Ransd had constructive notice of the opening based on its "duty to make reasonable inspections to detect unsafe conditions," because the record does not reflect when the opening was made (Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [1st Dept 2009] [internal quotation marks omitted]).
While Ransd is not entitled to summary judgment on its common-law indemnification against H Point, the court should have dismissed H Point's common-law indemnification cross-claim against Ransd. H Point has not established that it was free from negligence. The record established that the work precipitating the injury was directed and supervised by plaintiff's decedent. H Point also provided its own equipment, namely a forklift which stalled, and when decedent tried to fix it, he lost his balance and fell through an opening in the second floor that H Point had created. Accordingly, H Point cannot receive common-law indemnification for its own negligence (see Lucas v City of New York, 236 AD3d 523, 525 [1st Dept 2025]).
However, Ransd presented no evidence of negligence on the part of 37 Plaza. Consequently, the court properly declined to dismiss 37 Plaza's cross-claim for common-law indemnification against Ransd. The court also properly denied Ransd's motion for summary judgment dismissing 37 Plaza and H Point's cross-claims for contribution. If Ransd is found negligent, it will be responsible for its proportionate share of liability (see Sommer v Federal Signal Corp., 79 NY2d 540, 555-556 [1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026